**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HASSAN AKBAR,** | : | **CIVIL ACTION** |
| Petitioner, | : | |
| **v.** | : | **NO. 23-cv-2919** |
| **JOHN RIVELLO, *et al.*,** | : | |
| Respondents. | : | |

**ORDER**

**AND NOW,** this 26th day of October, 2026, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, after review of the Report and Recommendation of United States Magistrate Judge Lynne A. Sitarski, and de novo review of the claims raised in Petitioner's objections thereto, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.[1]

2. The petition for habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED.**

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

Hon. Mia R. Perez

[1] "When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made." *Charleston v. Gilmore*, 305 F. Supp. 3d 612, 617 (E.D. Pa. 2018) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984)). The district court "may accept, reject, or modify, in whole or in part, the [Magistrate Judge's] findings and recommendations." 28 U.S.C. § 636(b)(1)(C). After conducting de novo review

of the portions of the report to which Petitioner objected, the Court accepts the Magistrate Judge's findings in full and finds that Petitioner's eight objections lack merit.

The Court adds to the Report and Recommendation's findings with respect to Petitioner's objection number 4, which asserts that the redactions to his non-testifying co-defendant's confession were "constitutionally inadequate." *See* ECF No. 59 at 13. The Magistrate Judge did not address this issue, concluding that any error in admitting the redacted confession was harmless. The Court agrees with that finding but also finds that the Pennsylvania Superior Court did not unreasonably apply Supreme Court precedent in finding that the redactions did not violate Petitioner's Sixth Amendment right to confront the witnesses against him.

Petitioner and his co-defendant Darnell Lewis were tried jointly. At trial, a detective read a statement made by Lewis to the jury. Unredacted, the statement named Petitioner. However, before trial, the statement was redacted to replace any mention of Petitioner's name with the pronoun "he." For instance, part of the statement read:

> He told me the person he was waiting on was supposed to have a lot of money on him, he said was he was going to rob him. He told me the guy was a drug dealer and sold marijuana. He told me he probably would have about 10-grand on him, he's known to have a bunch of money on him. He said he would give my [sic] a breakdown on some of the money. He told me I wouldn't have to do nothing, just stand there and watch his back, make sure nobody like looking around the area. I knew he had a gun on him, I could see the butt of the gun sitting out of his shirt.

ECF No. 50 at 9. Petitioner argues that replacing his name with "he" is the functional equivalent of naming him in the confession because there were only two people involved in the crime and only two defendants at trial. ECF No. 59 at 13. Petitioner contends that "such obvious deletions [or] use of a neutral pronoun in a two-defendant case is the functional equivalent of naming the defendant," and in these circumstances, the admitted statement created "exactly the situation *Gray* [*v. Maryland*] condemned." ECF No. 59 at 13 (citing *Bruton v. United States*, 391 U.S. 123 (1968), and *Gray v. Maryland*, 523 U.S. 185, 195 (1998)). On direct appeal, the Superior Court found that the redactions, combined with two cautionary instructions to the jury not to use Lewis's statement as evidence against Petitioner, sufficiently protected his Sixth Amendment rights under *Bruton*. *Commw. v. Akbar*, 91 A.3d 227, 234 (Pa. Super. Ct. 2014).

In *Gray v. Maryland*, a police witness read a non-testifying co-defendant's confession, replacing any use of the defendant's name with the words "deleted" or "deletion." 523 U.S. at 192. The Court held that a "redaction that replaces a defendant's name with an obvious indication of deletion, such as a blank space, the word 'deleted,' or a similar symbol," it violates the Confrontation Clause because a jury will often realize that the redactions refer specifically to the defendant and because the "obvious deletion may well call the jurors' attention specially to the removed name." *Id.* at 192–93. Statements that announce to the jury that information has been redacted are directly accusatory. *Id.* at 194. By contrast, statements that incriminate inferentially do not violate the Confrontation Clause. *Id.* at 195 (distinguishing *Richardson v. Marsh*, 481 U.S. 200, 208 (1987), which allowed a confession that was redacted in a way that "was not incriminating on its face, and became so only when linked with evidence introduced later at trial").

Here, Petitioner was not expressly incriminated by the redacted statement. Petitioner argues that because there were only two defendants, it was obvious that the other person implicated by Lewis's statement was him. However, the Supreme Court has never crafted a brightline rule that, to admit a non-testifying co-defendant's statement in a case involving only two defendants, there must be no reference to another individual's involvement at all. Such a rule would be untenable in a case like this, where the confessor is charged with conspiracy. *See Samia v. United States*, 599 U.S. 635 (2023) (finding redacted confession indicating "the other guy" shot the victim did not violate confrontation clause in joint trial with three defendants where the confession was not obviously altered and where it would not have been feasible to further modify the confession so it appeared he acted alone because the confessor was charged with conspiracy). Any reference by Lewis to the other person involved was replaced with the pronoun "he." Petitioner was linked to the person in the statement only through other evidence introduced at trial, namely the

identification evidence from the victims and the detectives. Accordingly, the Superior Court's finding that the introduction of the redacted confession did not violate *Bruton* was not an unreasonable application of *Bruton* or its progeny. *See Williams v. Taylor*, 529 U.S. 362, 413 (2000) ("[A] federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts."); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000) (explaining that an unreasonable application of federal law is not the same as a simply incorrect application); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000) (same).